```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```
_____

ARTHUR JOE MITCHELL, JR., 

      Plaintiff,

vs.                                    No. 05-2819-B/V

BARTLETT POLICE DEPT., et al.,

      Defendants.
_____

```
        ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
                        ORDER OF DISMISSAL
                              AND
                 NOTICE OF APPELLATE FILING FEE
```
_____

Plaintiff, Arthur Joe Mitchell filed this pro se complaint under 42 U.S.C. § 1983. On June 15, 2006, the Court directed Mitchell to submit a nonprisoner affidavit in support of his motion to proceed in forma pauperis or pay the filing fee. On June 27, 2006, Mitchell filed a properly completed in forma pauperis affidavit. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall record the Defendants as the City of Bartlett and Shelby County.[1] The Clerk shall not issue process in this case.

Mitchell sues the City of Bartlett and Shelby County for false imprisonment and malicious prosecution. Plaintiff's claims arise

---

[1] Plaintiff named the Bartlett Police Department and the Shelby County Sheriff's Department as Defendants. As governmental divisions and departments are not suable entities, the Court construes the complaint as naming the City of Bartlett and Shelby County as the Defendants. See generally Hafer v. Melo, 502 U.S. 21 (1991).

from his arrest on May 14, 2003, transfer to federal custody, and subsequent trial and acquittal in August of 2005.

Plaintiff's complaint contains no allegations supporting any inference that he was threatened or detained due to an unconstitutional policy or custom of the City of Bartlett or Shelby County.  A local governmental entity, such as a city, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city [or county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992).  See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691  (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a Plaintiff must show that her injury was

caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur). None of the facts alleged supports an inference that Mitchell's alleged damages resulted from an unconstitutional custom or policy of the city or county.

Accordingly, Plaintiff fails to state a claim against the City of Bartlett or Shelby County upon which relief can be granted. The complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the court to dismiss this complaint also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the Plaintiff in this case.

If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2] The

---

[2] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or

entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal Mitchell becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 31st day of August, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[3] The district court may extend this deadline one time by thirty days if the motion to extend is filed before the expiration of the original deadline. McGore, 114 F.3d at 610.